UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEANGELO CROSS, | Case No. 25-CV-2170 (JWB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN, FPC DULUTH, | |
| Respondent. | |

Under the First Step Act of 2018 ("FSA"), some prisoners may earn time credits towards their release from custody or towards earlier placement in prerelease custody by participating in evidence-based recidivism reduction ("EBRR") programming. 18 U.S.C. § 3632(d)(4). Petitioner DeAngelo Cross claims that the Federal Bureau of Prisons ("BOP") has failed to award him time credits under the FSA, and he has filed a petition for a writ of habeas corpus asking this Court to direct the BOP to award him credits. Respondent, the Warden of the facility where Mr. Cross is incarcerated, opposes the petition on the merits and because Mr. Cross has not exhausted his administrative remedies. This Court concludes that Mr. Cross's habeas petition should be denied without prejudice for failure to exhaust and therefore recommends that the petition be denied.

In 2000, Mr. Cross was convicted of four counts of Armed Bank Robbery and one count of Use of a Firearm During a Crime of Violence. (*See* Winger Decl. Ex. A at 1, Dkt. No. 8-1.) He was originally sentenced to a total 304-month term of imprisonment. (*Id.* at 2.) That term was reduced in 2018 to time served, followed by a term of supervised release.

1

(Winger Ex. B at 2, Dkt. No. 8-2.) Mr. Cross was released from custody on September 24, 2018, and began a five-year term of supervision. (*See* Winger Decl. ¶ 4, Dkt. No. 8; Winger Ex. C at 7, Dkt. No. 8-3; Winger Ex. B at 3.)

Mr. Cross reoffended, which violated a condition of his supervised release, and he was sentenced to a 20-month term of imprisonment for the violation. (*See* Winger Decl. ¶ 6; Winger Ex. E at 1, 3, Dkt. No. 8-5.) Mr. Cross was also sentenced to a 60-month term of imprisonment for the new offense—a conviction for Felon in Possession of a Firearm—which was ordered to run concurrently with the 20-month sentence. (*See* Winger Decl. ¶¶ 5–6; Winger Ex. D at 2, Dkt. No. 8-4; Winger Ex. E at 1.)

Mr. Cross contends that he has "actively participated" in EBRR programs and productive activities during his terms of incarceration and is entitled to earn time credits. (Pet. at 3, Dkt. No. 1.) He does not provide specific information about his participation or the amount of time credits he believes he has earned.

On approximately January 13, 2025, Mr. Cross submitted Administrative Remedy 1225085-F1 to the Warden, requesting to have FSA credits applied. (Bush Decl. ¶ 13, Dkt. No. 7; Bush Ex. B at 2, Dkt. No. 7-2.) On January 23, 2025, the Warden responded in writing to Mr. Cross and explained that the BOP treats multiple terms of imprisonment as one aggregate term, and if one sentence renders an inmate ineligible to earn time credits, all sentences are ineligible to earn time credits. (Bush Ex. B at 1.) A prisoner who is serving a sentence for a conviction of unlawful possession or use of a firearm during a crime of violence is not eligible to receive time credits. 18 U.S.C. § 3632(d)(4)(D)(xxii). Mr. Cross

did not appeal the Warden's response to the Regional or Central Offices. (*See id.* ¶ 14; *see generally* Ex. A, Dkt. No. 7-1.)

The federal habeas corpus statute does not include an exhaustion requirement, *see generally* 28 U.S.C. § 2241, but courts have long required prisoners to exhaust administrative remedies made available by the BOP before seeking habeas relief, *see Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). There are two principal reasons that exhaustion is required. First, if the prisoner is correct that the BOP has acted wrongfully, then the BOP may be able to correct that error before habeas litigation ever becomes necessary. Second, even if the prisoner's claim ultimately is denied by the BOP, the administrative-review process will cause the petitioner's claims (and the government's defenses to those claims) to have become better developed before those claims arrive at the federal courthouse.

A court may excuse a habeas petitioner from exhausting administrative remedies "due to time constraints or where proceeding through administrative remedies would obviously be futile." *Henderson v. Eischen*, No. 23-CV-1336 (NEB/ECW), 2023 WL 4422535, at *1 (D. Minn. June 7, 2023) (citing *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004)), *R. & R. adopted*, 2023 WL 4421372 (D. Minn. July 10, 2023). Mr. Cross offers two reasons why the Court should exercise its discretion here, neither of which are convincing. First, Mr. Cross argues that exhaustion would be futile because the BOP would categorically reject his administrative appeal. (Pet'r's Reply at 3, Dkt. No. 13.) But "the mere fact that a prisoner believes that the BOP is unlikely to agree with him does not render

3

the pursuit of administrative remedies futile." *Abieanga v. Eischen*, No. 24-CV-3131 (JWB/JFD), 2024 WL 4557612, at *2 (D. Minn. Sept. 18, 2024), *R. & R. adopted*, 2024 WL 4557371 (D. Minn. Oct. 23, 2024). Mr. Cross took one step in the administrative-remedy process. That Mr. Cross did not obtain his desired result did not mean that he could abandon the process. Even if the BOP has been entirely consistent in rejecting claims like the one raised by Mr. Cross, the fact that the BOP has resolved claims in a particular way is by no means a guarantee that the BOP will continue resolving claims in a similar way indefinitely, especially as the contours of the FSA become clarified through litigation around the country. *Phelan v. Eischen*, No. 25-CV-1724 (NEB/JFD), 2025 WL 2394006, at *3 (D. Minn. July 1, 2025), *R. & R. adopted*, 2025 WL 2393323 (D. Minn. Aug. 18, 2025).

Second, Mr. Cross argues that he should be excused from exhausting administrative remedies because being denied FSA credits is causing him irreparable harm. (Pet'r's Reply at 3 ("Every month of delay in judicial review irretrievably deprives the Petitioner of liberty time.").) This argument is not convincing for two reasons. First, Mr. Cross is not currently scheduled to be released from prison until September 2028. Mr. Cross therefore has plenty of time in which to pursue administrative remedies before his claim for relief would become moot. Second, even if Mr. Cross were nearer to release, there is no reason to believe that he could not have pursued the administrative-review process sooner. A prisoner cannot evade the administrative-review requirement by running down the clock on his claims for relief and then seeking judicial relief at the last possible moment.

In sum, Mr. Cross has not exhausted administrative remedies, and he has not provided a convincing reason why the Court should excuse the exhaustion requirement. Accordingly, the Court recommends that Mr. Cross's petition for a writ of habeas corpus be denied without prejudice for failure to exhaust administrative remedies.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus of Petitioner DeAngelo Cross (Dkt. No. 1) be **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

2. This matter be **DISMISSED**.

Dated: October 7, 2025  　　　　　　　　　　　_s/ John F. Docherty_
　　　　　　　　　　　　　　　　　　　　　　JOHN F. DOCHERTY
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).